Jerry SMITH, Petitioner-Appellant,

v.

FCC COLEMAN—MEDIUM WARDEN, Respondent-Appellee.

No. 15-13021

Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

(July 25, 2017)

Jerry Smith, Pro Se

David Paul Rhodes, Arthur Lee Bentley, III, Jeffrey Scott Downing, U.S. Attorney's Office, TAMPA, FL, Roberta Josephina Bodnar, U.S. Attorney's Office—FLM, Ocala, FL, for Respondent-Appellee

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Jerry Smith appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his § 2241 petition, Petitioner asserted that he was actually innocent of the Armed Career Criminal Enhancement ("ACCA"). The district court dismissed the petition after concluding that Petitioner failed to satisfy the requirements of 28 U.S.C. § 2255(e)'s saving clause. After careful review, we affirm.

## I. BACKGROUND

Following a jury trial in 2005, Petitioner was convicted of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(e). The Presentence Investigation Report ("PSR") determined that Petitioner was an armed career criminal pursuant to U.S.S.G. § 4B1.4. Of relevance, the PSR listed the following prior convictions: (1) 1988 convictions for racketeering, conspiracy to commit racketeering, and conspiracy to traffic

in illegal drugs; (2) 1993 convictions for possession and sale of cocaine; and (3) 1998 convictions for second-degree murder with a firearm, armed burglary, and robbery using a firearm, all in Florida.

At sentencing, Petitioner argued that his 1993 cocaine conviction was not a serious drug offense. Overruling Petitioner's objections, the district court concluded that Petitioner qualified for the ACCA enhancement based on his convictions for conspiring to traffic in heroin and cocaine, sale and delivery of cocaine, and second-degree murder/robbery with a deadly weapon. Consequently, the district court sentenced Petitioner to 235 months' imprisonment.

On direct appeal, Petitioner argued in relevant part that the district court erred in sentencing him as an armed career criminal because the Government failed to prove that his 1993 cocaine conviction was punishable by at least ten years' imprisonment, as required by 18 U.S.C. § 924(e)(2)(A)(ii). *United States v. Smith,* 199 Fed.Appx. 759, 764–65 (11th Cir. 2006). Because the charging document related to Petitioner's conviction showed that he was charged with a second-degree felony—which carried a 15-year sentence—we concluded that the district court did not err by classifying this conviction as a serious drug offense. *Id.* at 765. Consequently, we affirmed Petitioner's conviction and sentence. *Id.*

In 2008, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. As relevant to this appeal, he argued that his trial counsel rendered ineffective assistance because he failed to investigate and object to the use of the 1993 cocaine conviction as a predicate offense for the ACCA enhancement. A magistrate judge issued a report and recommendation ("R&R"), concluding that Petitioner's trial counsel was not ineffective because his cocaine conviction was a serious drug of-

fense, as it had involved the sale or delivery—not mere purchase—of cocaine. The district court adopted the R&R, and we denied Petitioner a certificate of appealability.

In 2012, Petitioner filed the § 2241 petition underlying the present appeal, alleging that he was actually and factually innocent of his armed career criminal designation. Citing to numerous Supreme Court cases, he argued that he was convicted of a non-existent offense, and that our precedent squarely foreclosed his claim at the time when it should have been raised in a § 2255 motion.

Between 2012 and 2015, Petitioner filed numerous supplements to his § 2241 petition, in which he relied on additional Supreme Court cases to challenge his ACCA enhancement, including *Johnson v. United States,* 570 U.S. 254, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and *Descamps v. United States,* 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). In June 2015, the district court denied Petitioner's § 2241 petition, concluding that he had not met the requirements of § 2255(e)'s saving clause as set forth by this Court's decision in *Bryant v. Warden, FCC Coleman-Medium,* 738 F.3d 1253 (11th Cir. 2013), overruled by *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.,* 851 F.3d 1076, 1100 (11th Cir. 2017) (en banc).

On appeal, Petitioner asserts that the district court erred by concluding that he did not meet the requirements of § 2255(e)'s saving clause. Petitioner relies on *Johnson* and *Descamps,* among other Supreme Court precedent, to support his argument that the district court had jurisdiction to review his § 2241 petition.

## II. DISCUSSION

We review the issue of whether a prisoner may bring a § 2241 petition under § 2255(e)'s saving clause de novo. *McCarthan,* 851 F.3d at 1081. Whether the saving

clause applies is a threshold issue, and we may not reach the merits of a § 2241 petition unless the district court had jurisdiction to entertain it. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013).

A collateral attack on the validity of a federal conviction or sentence generally must be brought under 28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from this Court before filing a successive § 2255 motion. 28 U.S.C. § 2244(b)(3), 2255(h).

Petitioner has already filed an unsuccessful § 2255 motion and has not received permission to file a second or successive § 2255 motion. Yet, Petitioner argues that he may collaterally attack his sentence by way of a § 2241 petition that falls within the "saving clause" of § 2255(e). Under the saving clause, a court may entertain a § 2241 petition if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The district court determined that Petitioner was not entitled to relief under § 2241 because he did not satisfy the requirements of the saving clause set forth in our decision in *Bryant*. Sitting *en banc*, we recently overruled our prior precedents interpreting the saving clause, including our decision in *Bryant*. *See McCarthan*, 851 F.3d at 1100. In doing so, we examined the text of the saving clause under § 2255(e) and concluded that "[t]o determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim." *Id.* at 1086. Stated another way, if the prisoner could have brought the claim in a motion to vacate, then the prisoner had a meaningful opportunity to test his claim. *Id.*

Because Petitioner had "a meaningful opportunity to test his claim" in a § 2255 motion—and in fact did challenge his ACCA enhancement by way of an ineffective-assistance-of counsel-claim in his § 2255 motion—the remedy provided by § 2255 "was an adequate and effective means for testing" the legality of his sentence. *Id.* at 1087, 1099 (quotation omitted). Petitioner's argument that his claims were foreclosed at the time of his § 2255 motion is without merit, as § 2255 was still an adequate remedy to test his claim. *See id.* at 1099 ("Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim....").

In short, Petitioner cannot avail himself of § 2255(e)'s saving clause. Because Petitioner failed to show that the remedy provided by § 2255 was inadequate or ineffective to test the legality of his sentence, the district court lacked jurisdiction over Petitioner's § 2241 petition.

**AFFIRMED.**