[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-14817
Non-Argument Calendar
_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**March 11, 2004**
**THOMAS K. KAHN**
**CLERK**

D. C. Docket No. 02-00015-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN JUNIOR RAINEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 11, 2004)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Appellant Melvin Junior Rainey appeals his 180-month sentence, imposed upon resentencing following his conviction for possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e).

Rainey appeals the district court's determination, upon remand, that a 1987 Florida conviction for attempted arson is a violent felony under § 924(e), and the court's subsequent imposition of an armed-career-criminal enhancement, pursuant to U.S.S.G. § 4B1.4. On appeal, Rainey argues that attempted arson is neither an "enumerated offense" under § 924(e)(2)(B)(ii), nor a "qualifying offense" under § 924(e)(2)(B)(i). Rainey argues that his actions did not constitute arson because he burned only his own clothing because of bedbugs and as an act of protest protected by the First Amendment. He asserts that the district court failed to notice this evidence by not examining the charging document. Rainey contends that, had the court reviewed the document, it could not have classified his offense as arson because no evidence of intentional harm to any person or structure existed. Finally, Rainey argues that the terms "crime of violence," as used in the Sentencing Guidelines, and "violent felony" under § 924(e)(2)(B) are not interchangeable. Thus, Rainey contends that the fact that he was convicted of a crime of violence does not necessitate a finding that he also committed a violent felony.

"We review the district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts *de novo*." *United States v. Miles*, 290 F.3d 1341, 1346 (11th Cir.), *cert. denied*, 537 U.S. 1089 (2002). We

2

also review *de novo* whether a particular offense constitutes a violent felony under 18 U.S.C. § 924(e). *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir.), *cert. denied*, 537 U.S. 892 (2002).

Section 924(e) provides that:

(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . , such person shall be . . . imprisoned not less than fifteen years . . . .
. . .
(B) [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(1), (e)(2)(B).

Section 4B1.4 of the Sentencing Guidelines provides that "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." U.S.S.G. § 4B1.4(a). Section 4B1.4 incorporates by reference the definition of "violent felony" in § 924(e)(2), but also provides that the definition of "violent felony" in § 924(e)(2) is not identical to the definition of "crime of violence" in § 4B1.2. U.S.S.G. § 4B1.4, comment. (n.1). Section 4B1.2 provides a definition for "crime of violence," a term used in U.S.S.G. § 4B1.1, the

3

career-offender guideline, that is virtually identical to § 924(e)'s definition of "violent felony." U.S.S.G. § 4B1.2(a). The only difference in the two definitions is that § 4B1.2 states "burglary of a dwelling," not just "burglary." U.S.S.G. § 4B1.2(a)(2).

Florida law, at the time of Rainey's attempted arson conviction, provided that:

> (1) Any person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged: (a) Any dwelling, whether occupied or not, or its contents; [or] (b) Any structure, or contents thereof, where persons are normally present, such as: jails, prisons, or detention centers . . . is guilty of arson in the first degree, which constitutes a felony of the first degree . . . .

Fla. Stat. Ann. § 806.01(1) (1987). Section 806.01(2) provided that

> [a]ny person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged any structure, whether the property of himself or another, under any circumstances not referred to in subsection (1), is guilty of arson in the second degree, which constitutes a felony of the second degree . . . .

Fla. Stat. Ann. § 806.01(2) (1987). Florida law also provided that if a defendant was convicted of an attempt to commit a first degree felony, he would be guilty of a second degree felony and that if he was convicted of an attempt to commit a second degree felony, he would be guilty of a third degree felony. *Id.* § 777.04(4)(b), (c) (1987).

In *Taylor v. United States*, 495 U.S. 575, 602, 110 S. Ct. 2143, 2160, 109 L.

4

Ed. 2d. 607 (1990), the Supreme Court held that, when determining whether a particular offense is a violent felony, § 924(e) "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense," not to the particular facts of the defendant's conviction. 495 U.S. at 602, 110 S. Ct. at 2160.

We have not addressed the issue of whether an attempt to commit an enumerated felony under § 924(e) constitutes a violent felony under § 924(e). However, two of our prior decisions provide helpful guidance. In *Wilkerson*, the defendant received an armed-career-criminal enhancement pursuant to § 924(e), due in part to a prior Florida conviction for conspiracy to commit robbery. *Wilkerson*, 286 F.3d at 1325. We first noted that we had determined in a previous decision that robbery itself is a violent felony under § 924(e)(2)(B) because it presents a serious risk of physical injury to another. *Id.* (citing *United States v. Jackson*, 57 F.3d 1012, 1017-18 (11th Cir. 1995)). We then held that "a conspiracy that has as its object the offense of robbery likewise presents such a risk." *Id.* The defendant argued that because Florida law did not require an overt act in furtherance of the conspiracy, the offense did not constitute a violent felony. *Id.* We disagreed, noting that "[w]hen one reaches an agreement with a co-conspirator to commit a robbery, and formulates the intent to commit the

5

robbery, his conduct presents at least a potential risk of physical injury within the meaning of § 924(e)(2)(B)(ii)." *Id.* at 1325-26.

In *United States v. Mendoza-Cecelia*, 963 F.2d 1467, 1479 (11th Cir. 1992), *abrogated on other grounds*, *Coleman v. Singletary*, 30 F.3d 1420 (11th Cir. 1994), we held that attempted arson is a "crime of violence" as defined under § 4B1.2. In reaching this decision, we noted that arson is an enumerated offense in the definition of "crime of violence," and the commentary to § 4B1.2 provides that attempts to commit the enumerated felonies are also crimes of violence. *Id.*; *see also* U.S.S.G. § 4B1.2, comment. (n.1). While the terms "crime of violence" and "violent felony" are not interchangeable, *Mendoza-Cecelia* provides helpful guidance because the definitions for both terms are virtually identical.

Section 924(e)(2)(B)(ii) enumerates arson as a violent felony. Following the reasoning of *Wilkerson* and *Mendoza-Cecelia*, we conclude that attempted arson should also be considered a violent felony. Attempt, like conspiracy, presents the potential risk of physical injury to another. Because attempted arson presents a serious potential risk of injury to another person, we hold that the district court correctly concluded that it is a violent felony under § 924(e). As such, we affirm Rainey's sentence.

**AFFIRMED.**

6