[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12987
Non-Argument Calendar

_____

D. C. Docket No. 02-00054-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE ANDRE AXAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 8, 2008)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

George Andre Axam appeals his 180-month sentence, imposed pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), for possession of a firearm by a convicted felon. Axam argues that two state burglary convictions used to enhance his sentence under the ACCA were presumptively void because counsel in those cases rendered ineffective assistance. Axam raised this claim before the district court in part, prior to sentencing, and in part, in a motion for reconsideration. However, Axam's challenge fails because he did not sufficiently assert any facts before the district court to demonstrate that the prior convictions were presumptively void. Moreover, ineffective assistance of counsel was not a proper legal basis for finding that such convictions were presumptively void. Therefore, we AFFIRM Axam's sentence.

## I. BACKGROUND

In December of 2001, a federal grand jury indicted Axam on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). R1-1 at 1-2. Axam pled not guilty, but the district court found him guilty at a bench trial in July of 2002. R1-6, 48.

Prior to the initial sentencing hearing, a probation officer prepared a presentence investigation report ("PSI"), which initially detailed the offense conduct. PSI ¶¶ 4-9. Axam's daughter, Jasmine Axam ("Jasmine"), approached

2

Axam's house in Atlanta, Georgia on 3 December 2001, when her boyfriend, Antrevon Hayes, waited in a vehicle in front of the house. Id. ¶ 5. Jasmine began arguing with Axam outside the house, and Axam went inside the house and returned outside with a gun. Id. Axam walked towards Hayes's vehicle, pointed the gun at Hayes, and fired one or two shots in Hayes's direction. Id. Hayes drove away and notified a police officer, and when the officer arrived at the house, Axam fled into a wooded area. Id. Officers arrived at Axam's house on 4 December 2001 with a warrant for his arrest on charges of aggravated assault and reckless conduct. Id. ¶ 6. Axam eventually admitted his identity, waived his rights, and answered questions regarding the shooting. Id.

In the interview, Axam stated that he had been arguing with Jasmine in front of the house because he did not want Hayes at the house. Id. ¶ 7. Axam explained that he and Hayes got into a fight a few months earlier in which Axam suffered lacerations to his head and a broken foot, and charges related to the fight were pending against Hayes. Id. Axam told police that after he retrieved the gun, he only fired it in the air. Id. ¶ 8. Axam consented to a search of his house, and police found a .38 caliber firearm with five rounds inside, indicating that it was fired once. Id.

According to the PSI, Axam was convicted of four prior felonies, including a charge of possession with intent to distribute cocaine in 1983, two separate burglaries in 1994, and a cocaine possession charge in 2001. Id. ¶¶ 9, 22, 24-26. The PSI stated that Axam qualified as an armed career criminal within the meaning of U.S.S.G. § 4B1.4, due to his 1983 drug conviction and two 1994 burglary convictions.[1] Id. ¶ 32. Therefore, the PSI recommended that Axam's base offense level be set at 34, pursuant to § 4B1.4(b)(3)(A), because he used the firearm in connection with a crime of violence. Id. In addition, Axam's criminal history category was set at VI, pursuant to § 4B1.4(c). Id. ¶ 34. The base offense level of 34 and criminal history category VI yielded a Guidelines imprisonment range of 262 to 327 months. Id. at 15.

At the initial sentencing hearing in 2003, the district court found that Axam's prior felony convictions were not serious drug offenses or violent felonies, under 18 U.S.C. § 924(e), and thus, he was not subject to the 15-year minimum mandatory sentence required by the ACCA. R4 at 4-5. After finding that Axam was not an armed career criminal, the district court set his offense level at 12 and

---

[1] Without regard to the armed career criminal sentencing calculations, the PSI calculated Axam's offense level under U.S.S.G. § 2K2.1(a)(2), which resulted in a base offense level of 24. Id. ¶ 12. The PSI applied a 4-point enhancement pursuant to § 2K2.1(b)(5), which resulted in a total offense level of 28. Id. ¶¶ 13, 17. His criminal history category initially was set at V. Id. ¶ 31. Because the ACCA applied, those calculations were disregarded.

criminal history category at III, which yielded a Guidelines range of 15 to 21 months' imprisonment. Id. at 5-7, 11. The court sentenced Axam to 18 months' imprisonment and three years of supervised release. Id. at 15.

The district court entered judgment on Axam's sentence, and the government appealed. R1-57, 58. In 2004, we vacated and remanded for re-sentencing. R1-65 at 10; United States v. Axam, 91 Fed. Appx. 655 (11th Cir. Jan. 30, 2004) (table) ("Axam I"). We held that the district court erred under the ACCA in finding that Axam's two burglary convictions did not constitute violent felonies, and it erred in finding that his 1983 drug conviction was not a serious drug conviction. Id. at 8-10.

On remand, prior to re-sentencing, Axam filed a memorandum in support of his objection to the PSI's classification of him as an armed career criminal. R2-77 at 1-2. He argued, notwithstanding our ruling in Axam I, that his two burglary convictions were not violent felonies, under 18 U.S.C. § 924.[2] Id. at 3-11. He also asserted that one of his burglary convictions should not be considered in determining whether he was an armed career criminal because he received ineffective assistance of counsel in regard to that conviction. Id. at 11. He did not explain how the assistance of counsel was ineffective in that case. See id. Axam

---

[2]Axam also argued that his 2001 felony drug conviction was not a serious drug offense, under 18 U.S.C. § 924. R2-77 at 3-5. That conviction is not at issue on appeal.

submitted a second sentencing memorandum where he made arguments not relevant on appeal. R2-78 at 1-21.

At the re-sentencing hearing on 12 June 2007, Axam initially moved for a 60-day continuance of the hearing because he had filed two writs of habeas corpus in state court challenging his two burglary convictions. R5 at 4-5. Counsel for Axam[3] stated that the "basis of the writ I think stands on real strong legal grounds," but he did not elaborate any further on that point. Id. at 4. The sentencing judge denied the motion for a continuance. Id. at 7-8.

Next, the district court considered Axam's objection to the classification of his burglary convictions as violent felonies. Id. at 8-12. After considering the information in the PSI and certified copies of the convictions, the court found that the evidence was sufficient to classify the convictions as violent felonies, under 18 U.S.C. § 924(e), over Axam's related objections.[4] Id. at 17-22. The court found that Axam's offense level was 34 and his criminal history category was VI, which

---

[3] Prior to re-sentencing, a second attorney, Tony Axam, entered an appearance on behalf of Axam. R2-76; R5 at 2. Tony Axam is the defendant's brother. PSI ¶ 40.

[4] Although Axam argued at re-sentencing that the proof was insufficient to establish that his prior burglary convictions were generic burglaries for the purposes of the ACCA, he does not argue that point on appeal. See R5 at 8-22. Thus, he has abandoned the issue. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Accordingly, this Court need not consider whether the Supreme Court's decision in Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), abrogated the determination in United States v. Adams, 91 F.3d 114, 116 (11th Cir. 1996), that information in a PSI was sufficient to establish that a prior burglary conviction was a generic burglary conviction.

resulted in a Guidelines sentencing range of 262 to 327 months' imprisonment.  Id. at 26.

The district court then considered the parties' arguments on the 18 U.S.C. § 3553(a) factors.  Id. at 27-30.  Axam requested the mandatory minimum sentence of 180 months' imprisonment, whereas the government recommended a within-Guidelines range sentence.  Id. at 30-31.  The court applied a downward variance and sentenced Axam to the 180-month mandatory minimum term, along with one year of supervised release.  Id. at 32-33.  The court credited Axam with the time he already served in prison and on supervised release.  Id. at 33-34.

Axam moved for reconsideration of the orally-announced sentence on 15 June 2007, expressly arguing for the first time that his sentence pursuant to the ACCA was based on void predicate offenses.  R2-86 at 3.  Specifically, he argued that his two 1994 burglary convictions were void because they were obtained in violation of his rights to effective assistance of counsel and due process.  Id. at 3-4.  However, he did not elaborate on the factual basis for that argument.[5]  See id.  He also argued that his burglary convictions did not constitute violent felonies under the ACCA.  Id. at 4-6.

---

[5] Axam stated that he attached to the motion for reconsideration the state habeas petitions he filed attacking the burglary convictions, but they do not appear in the record.  See R2-86.  The record does not indicate current status of the habeas petitions, nor does Axam provide any information in that regard in his appellate brief.

On 20 June 2007, the district court entered judgment on the conviction and sentence without addressing the motion for reconsideration, and Axam timely appealed the judgment on 29 June 2007. R2-87, 88. In an order entered on 8 January 2008, the district court denied the motion for reconsideration. Supp. R-98. The court noted that Axam relied upon the same arguments that he presented at the sentencing hearing, which the court already rejected, and no basis for granting the motion existed. Id. at 3. On 15 January 2008, Axam timely filed a notice of appeal designating the order denying his motion for reconsideration.[6] Supp. R-99.

## II. DISCUSSION

On appeal, Axam argues that the district court erred in finding that his 1994 burglary convictions qualified as violent felonies for the purposes of the ACCA because those convictions were presumptively void.[7] Specifically, he argues that those two convictions were obtained in violation of his rights to effective assistance of counsel and due process, and he attacked each of those convictions through state court habeas petitions. Axam asserts that counsel for the burglary

---

[6] Axam does not assert any error on appeal regarding the denial of his motion for reconsideration, and thus, he has abandoned the issue. See Sepulveda, 401 F.3d at 1228 n.2. Even assuming, arguendo, that he preserved the issue, the district court did not abuse its discretion in denying the motion because it was without legal merit for the same reasons discussed below.

[7] By not asserting any error regarding the 1983 drug felony, used to classify Axam as an armed career criminal, he has abandoned the issue on appeal. See Sepulveda, 401 F.3d at 1228 n.2.

8

convictions was ineffective because counsel failed to: (1) seek dismissal of the indictments; (2) meet with Axam and discuss the case; (3) investigate the facts of the case; (4) inform Axam of his right to appeal; or (5) move to withdraw Axam's guilty pleas, appeal the convictions or sentences, or collaterally attack the convictions or sentences. He argues that he pled guilty to the burglary charges when he was effectively un-counseled and therefore, the convictions were presumptively void.

We review de novo whether a particular offense constitutes a violent felony under the ACCA. United States v. Rainey, 362 F.3d 733, 734 (11th Cir. 2004). "A sentencing issue not raised in the district court is reviewed for plain error." United States v. Richardson, 166 F.3d 1360, 1361 (11th Cir. 1999). We review the district court's denial of a motion for reconsideration for an abuse of discretion. See United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004).

The ACCA requires a minimum sentence of 15 years' imprisonment for a defendant who violates 18 U.S.C. § 922(g), and has three previous violent felony or serious drug offense convictions. See 18 U.S.C. § 924(e). Section 4B1.4 of the Sentencing Guidelines implements the ACCA. See U.S.S.G. § 4B1.4(a). Burglary constitutes a violent felony for the purposes of § 924(e). 18 U.S.C. § 924(e).

> [A] person has been convicted of burglary for the purposes of a
> § 924(e) enhancement if he is convicted of any crime, regardless of its

> exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

Taylor v. United States, 495 U.S. 575, 599, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990); see also Begay v. United States, __ U.S. __, 128 S.Ct. 1581, 1588, 170 L.Ed.2d 490 (2008) (holding that a felony driving under the influence conviction was not a violent felony under the ACCA because it differed from other crimes, such as burglary, explicitly listed in § 924(e)(2)(B)(ii)).

In general, a defendant may not collaterally attack, during a federal sentencing hearing, a prior conviction being used to enhance his sentence under the ACCA. Custis v. United States, 511 U.S. 485, 497, 114 S.Ct. 1732, 1739, 128 L.Ed.2d 517 (1994). The lone exception to this rule allows a defendant to challenge a prior conviction on the basis that it is "presumptively void." United States v. Roman, 989 F.2d 1117, 1120 (11th Cir. 1993). In order to challenge an earlier conviction on this basis, a defendant must "sufficiently assert[] facts that show that an earlier conviction is 'presumptively void.'" Id.; see also United States v. Jackson, 57 F.3d 1012, 1019 (11th Cir. 1995) (failure to sufficiently assert facts showing that waiver of right to counsel was not knowing, intelligent, and voluntary was fatal to defendant's challenge to a prior conviction at sentencing).

A conviction is presumptively void, and thus, cannot be considered in sentencing a defendant, if the defendant was convicted of a felony without having counsel appointed. See Custis, 511 U.S. at 495, 114 S.Ct. at 1738. However, the Supreme Court determined that "failure to appoint counsel for an indigent defendant was a unique constitutional defect," and it expressly declined to expand a defendant's right to collaterally attack prior convictions used for sentence enhancements beyond that situation. Id. at 496, 114 S.Ct. at 1738. Specifically, the Court held that a defendant could not collaterally attack at a federal sentencing hearing a prior conviction, used to enhance his sentence under § 924(e), based on the denial of effective assistance of counsel or the entry of a guilty plea that was not knowing and intelligent. Id.

The district court did not err, or commit plain error, in enhancing Axam's sentence under the ACCA based, in part, on his two state burglary convictions. Although Axam briefly asserted, in a sentencing memorandum, that he was denied effective assistance of counsel and due process in regard to those convictions, he never specifically requested a finding by the court that those convictions were presumptively void prior to the imposition of his sentence. To the extent that he preserved any error in that regard, his challenge on appeal must fail. First, Axam never asserted any facts or presented any evidence, prior to or during the

11

sentencing hearing, to demonstrate that his challenges to the burglary convictions were meritorious. Therefore, he failed to carry his burden of demonstrating that these convictions were presumptively void. See Roman, 989 F.2d at 1120.

Second, Axam was precluded from collaterally attacking the prior burglary convictions on the bases that he asserted – ineffective assistance of counsel and denial of due process – because those grounds fell outside the limited un-counseled conviction exception to the bar on such attacks.[8] See Custis, 511 U.S. at 496, 114 S.Ct. at 1738.

## III. CONCLUSION

For the reasons stated above, the district court properly sentenced Axam to 180 months' imprisonment under the ACCA. Accordingly, we **AFFIRM.**

---

[8] As noted above, supra note 4, Axam abandoned any challenge to the district court's denial of his motion for reconsideration. He apparently supported that motion by attaching the habeas petitions he used to challenge his burglary convictions. Even assuming, arguendo, that the habeas petitions demonstrated ineffective assistance of counsel, his claim that ineffective assistance of counsel rendered his burglary convictions presumptively void was without legal merit, as discussed above.