[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11085
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00241-IPJ-PWG-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES CURTIS ANDERSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 14, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

James Anderson appeals his 188-month sentence imposed after he pled guilty to knowingly possessing a firearm in and affecting interstate commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Anderson argues that the district court erred in categorizing his prior Alabama assault conviction as a violent felony under the Armed Career Criminal Act ("ACCA"). After thorough review, we affirm.

We review the district court's application of the ACCA enhancement de novo. United States v. Harris, 608 F.3d 1222, 1227 (11th Cir. 2010). The ACCA enhancement requires that anyone who is convicted of violating 18 U.S.C. § 922(g) and who has three previous convictions for a violent felony or a serious drug offense, or both, must be imprisoned for a minimum of 15 years. 18 U.S.C. § 924(e)(1).

The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that -- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

Typically, we use the "categorical approach" to consider whether a prior offense is also an enhancement qualifying offense. See United States v. Lockley, 632 F.3d 1238, 1240 (11th Cir. 2011), petition for cert. filed, (U.S. June 22, 2011) (No.

11-5008). The categorical approach restricts the court to relying on the fact of the prior conviction and the statutory language upon which the defendant's conviction rests. Id. However, where the predicate conviction statute is broader than the enhancement definition and the defendant's conviction is otherwise ambiguous, a court must apply the "modified categorical approach." United States v. Pantle, 637 F.3d 1172, 1175 (11th Cir. 2011), petition for cert. filed, (U.S. August 25, 2011) (No. 11-257). Under this approach, the court must gauge the factual circumstances underlying the predicate conviction. United States v. Palomino Garcia, 606 F.3d 1317, 1337 (11th Cir. 2010). In undertaking this inquiry, the court may consider charging documents, the plea agreement, a transcript of the plea colloquy, or other comparable documents that establish a judicial record of facts. Shepard v. United States, 544 U.S. 13, 26 (2005). The district court may also base its factual findings on statements in the PSI that the defendant does not dispute. United States v. Beckles, 565 F.3d 832, 844 (11th Cir.), cert. denied, 130 S.Ct. 272 (2009).

The language of the Alabama statute at issue defines second-degree assault in several ways, including when:

> (1) With intent to cause serious physical injury to another person, [an individual] causes serious physical injury to any person; (2) With intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or a dangerous instrument; (3) He or she recklessly causes serious physical injury to

3

another person by means of a deadly weapon or a dangerous instrument. . . . ; or (7) For a purpose other than lawful medical or therapeutic treatment, he or she intentionally causes stupor, unconsciousness, or other physical or mental impairment or injury to another person by administering to him or her, without his or her consent, a drug, substance or preparation capable of producing the intended harm.

Ala. Code § 13A-6-21.

Here, the district court did not err in finding that Anderson's Alabama assault conviction was a violent felony under the ACCA's "elements clause," 18 U.S.C. § 924(e)(2)(B)(i). As the government concedes, the Alabama assault statute at issue is broader than the language in 18 U.S.C. § 924(e) that defines a violent felony, which means that the modified categorical approach properly applies in this case. See Pantle, 637 F.3d at 1175. Under this approach, which looks beyond the language in the statute and the fact of the conviction, the particular facts of Anderson's predicate offense are not ambiguous.

First, the district court can, and did, rely on a description of the conduct from the PSI Addendum, which included language from the Shepard-approved indictment and to which Anderson did not object. See Beckles, 565 F.3d at 844. This document -- the indictment for the defendant's 2004 assault conviction -- provided that Anderson "did, with intent to cause physical injury to another person, cause physical injury to James Beverly by means of a deadly weapon or a dangerous instrument, to-

wit: a baseball bat," and was clear that the physical injury was done with intent.

Compare Palomino Garcia, 606 F.3d at1336-37 (holding that held that a prior conviction for aggravated assault that may have involved reckless rather than intentional conduct could not serve as a crime of violence[1] because reckless conduct did not necessarily require the use of physical force). And while the PSI language itself does not specifically provide whether the conduct was intentional or reckless, the district court said that it agreed with the probation officer's analysis from the PSI Addendum, which directly quoted the "with intent" language from the 2004 indictment for the defendant's assault conviction. See also Ala. Code § 13A-6-21(a)(2) ("With intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or dangerous instrument."). Thus, the court did not err in concluding that Anderson was convicted of second-degree assault under § 13A-6-21(a)(2). Moreover, because the predicate conviction requires force in its physical injury element, the district court did not err in concluding that Anderson's prior assault conviction is a violent felony that has as an element the use of force. See 18 U.S.C. § 924(e); see also Ala. Code § 13A-6-21(a)(2). Accordingly, we affirm the ACCA sentence enhancement.

---

[1] See United States v. Rainey, 362 F.3d 733, 734 (11th Cir. 2004) (recognizing that a "crime of violence" under the career offender guideline is "virtually identical" to a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)).

**AFFIRMED.**