[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————

No. 17-15285
Non-Argument Calendar
————————————————

D.C. Docket No. 9:17-cr-80042-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS DEVON FITZGERALD,
a.k.a. Demtemoivs D. Fitzgerald,
a.k.a. Fat Mimi,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(November 28, 2018)

Before TJOFLAT, NEWSOM, and EDMONSON, Circuit Judges.

PER CURIAM:

Demetrius Fitzgerald appeals his 240-month total sentence for being a felon in possession of a firearm, possessing with intent to distribute oxycodone, marijuana, and alprazolam, and possessing multiple firearms in furtherance of a drug trafficking crime.  Fitzgerald argues that the district court erred in treating him as an armed career criminal and a career offender because his Florida aggravated battery with a deadly weapon and resisting arrest with violence convictions were not predicate offenses under the elements clause of the Armed Career Criminal Act ("ACCA") and the career-offender guideline.

We review *de novo* whether a prior conviction qualifies as a violent felony under the ACCA or a crime of violence under the career-offender guideline. *United States v. Seabrooks*, 839 F.3d 1326, 1338 (11th Cir. 2016) (ACCA), *cert. denied*, 137 S. Ct. 2265 (2017); *United States v. Vail-Bailon*, 868 F.3d 1293, 1296 (11th Cir. 2017) (*en banc*) (career offender), *cert. denied*, 138 S. Ct. 2620 (2018). We apply the same analysis for both ACCA violent felonies and crimes of violence under the sentencing guidelines, as they are "virtually identical."  *United States v. Rainey*, 362 F.3d 733, 734 (11th Cir. 2004).

2

A defendant who violates 18 U.S.C. § 922(g) and has at least 3 earlier convictions for violent felonies or serious drug offenses is subject to an enhanced statutory sentence of 15 years to life imprisonment.  18 U.S.C. § 924(e)(1).  To qualify as a career offender a defendant must have at least two prior felony convictions for a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a)(3).  Under the elements clauses in the ACCA and career-offender guidelines, an offense is a violent felony or a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a).

In *United States v. Romo-Villalobos*, we concluded that a Florida conviction for resisting arrest with violence constituted a crime of violence under the elements clause of the career-offender guideline.  674 F.3d 1246, 1249 (11th Cir. 2012).  In *United States v. Hill*, we reaffirmed our holding in *Romo-Villalobos* after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  799 F.3d 1318, 1322-23 (11th Cir. 2015); *see also United States v. Joyner*, 882 F.3d 1369, 1378 (11th Cir. 2018), *petition for cert. filed*, (U.S. May 23, 2018) (No. 17-9128).  In *Turner v. Warden Coleman FCI*, we concluded that a Florida conviction for aggravated battery with a deadly weapon satisfied the elements clause of the ACCA.  709 F.3d 1328, 1341 (11th Cir. 2013).  We have reaffirmed

3

our holding in *Turner* after *Johnson*.  *United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017); *In re Hires*, 825 F.3d 1297, 1301 (11th Cir. 2016).

Under the prior precedent rule, we are bound by a prior binding precedent "unless and until it is overruled" by this Court *en banc* or by the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (quotation marks omitted).

Here, the district court properly sentenced Fitzgerald as an armed career criminal and a career offender because his four total prior Florida convictions for aggravated battery with a deadly weapon and resisting arrest with violence are violent felonies and crimes of violence in the light of our prior precedent.  *See Hill*, 799 F.3d at 1322 (resisting arrest with violence); *Turner*, 709 F.3d at 1341 (aggravated battery with a deadly weapon).

**AFFIRMED**.

4