[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15463
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cr-00011-SPC-CM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES KYLE RICHARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 11, 2019)

Before MARCUS, ROSENBAUM and JULIE CARNES, Circuit Judges.

PER CURIAM:

James Richardson appeals his convictions and sentences for possession with

intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and

851, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§

922(g)(1) and 924(e).  He argues on appeal that: (1) the affidavit supporting the search warrant authorizing the search of his home lacked probable cause because it was based on stale information; (2) Florida robbery does not qualify as a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); and (3) the government failed to prove that his April 29, 2010, convictions for sale of a controlled substance occurred on different dates for purposes of the ACCA.  After thorough review, we affirm.

We review whether an affidavit established probable cause de novo and findings of historical fact for clear error, taking care to review and "to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers."  United States v. Jiminez, 224 F.3d 1243, 1248 (11th Cir. 2000) (quotations omitted).  Our task on appeal is to ensure there is a substantial basis for the magistrate's determination of probable cause.  United States v. Foree, 43 F.3d 1572, 1576 (11th Cir. 1995).  The breadth of the good-faith exception to the exclusionary rule is a question of law and is reviewed de novo.  United States v. Martin, 297 F.3d 1308, 1312 (11th Cir. 2002).

In sentencing challenges, we consider legal issues de novo, review factual findings for clear error, and apply the guidelines to the facts with due deference, which is akin to clear error review.  United States v. Rothenberg, 610 F.3d 621, 624 (11th Cir. 2010).  Specifically, we review de novo whether a particular offense

2

constitutes a "violent felony" under the ACCA.  United States v. Rainey, 362 F.3d 733, 734 (11th Cir. 2004).  We also review whether prior offenses meet the ACCA's different-occasions requirement de novo.  United States v. Longoria, 874 F.3d 1278, 1281 (11th Cir. 2017), cert. denied, 139 S. Ct. 270 (2018).  Under the prior panel precedent rule, we cannot overrule a prior panel's holding outside en banc review, even if we are convinced that the prior holding was wrong.  United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998).

First, we are unpersuaded by Richardson's claim that the district court erred in denying his motion to suppress evidence based on a search warrant that lacked probable cause.  To establish probable cause, an affidavit must state facts "sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched."    Martin, 297 F.3d at 1314 (quotations omitted).  Specifically, the affidavit "should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity."  Id.  The information in the affidavit must be "fresh," and where the information comes from an informant, the affidavit must also demonstrate the informant's veracity and basis of knowledge or that there is sufficient independent corroboration of the informant's information.  Id.

The information supporting the government's application for a warrant must show that probable cause exists at the time the warrant issues.  United States v.

3

Harris, 20 F.3d 445, 450 (11th Cir. 1994).  To determine whether information is "stale" and therefore unable to establish probable cause, we examine (1) the length of time; (2) the nature of the suspected crime; (3) the habits of the accused; (4) the character of the items sought; and (5) the nature and function of the premises to be searched.  Id.  Stale information does not void an affidavit where the affidavit "updates, substantiates, or corroborates" the stale material.  Id.

Under the good-faith exception, evidence need only be suppressed if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.  Martin, 297 F.3d at 1313.  There are four situations where the good-faith exception does not apply: (1) where the magistrate or judge was misled by information the affiant knew was false or was reckless in determining its veracity; (2) where the magistrate or judge wholly abandoned their judicial role; (3) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where a warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid.  United States v. Leon, 468 U.S. 897, 923 (1984).  In determining whether an affidavit lacks indicia of probable cause, we look only at the face of the affidavit.  United States v. Robinson, 336 F.3d 1293, 1296 (11th Cir. 2003).  Where the sufficiency of an affidavit is not an open-and-shut matter but a "close enough" question, the good-

4

faith exception applies.  United States v. Blake, 868 F.3d 960, 975 (11th Cir. 2017). We will determine, under the totality of the circumstances, whether a reasonably well-trained officer would have relied upon the warrant.  United States v. Taxacher, 902 F.2d 867, 872 (11th Cir. 1990).

As an initial matter, we recognize that the affidavit may not have supported a finding of probable cause.  The affidavit provided allegations from interviewees that Richardson was selling narcotics in the Englewood area, where the residence to be searched was located.  The affidavit added that, three months before the warrant was applied for, police found baggies of methamphetamine ("meth") and paraphernalia in the garbage outside the residence and that, two weeks before the warrant was executed, the police found a small cannabis stem in the trash outside the residence. Notably, the affidavit did not connect Richardson to the residence to be searched, and while it suggested drug use at the residence, it did not demonstrate or allege drug trafficking.

Nevertheless, we cannot say that the officer's reliance on the warrant was unreasonable.  The Supreme Court has limited the application of the good faith exception in this context where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable or the warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid.  Leon, 468 U.S. at 923.  As we've noted, the

5

affidavit alleged that, on <u>two</u> occasions, drug residue or paraphernalia were found in garbage identified with the residence by mail in the same bag, and that, on a <u>third</u> occasion near the time of the application, a small amount of drug remnants were found in trash in front of the residence -- at the very least, indicating more than one isolated violation of drug use.  Based on these allegations, we cannot conclude that a warrant would be "so lacking" in probable cause or "so facially deficient" that it would have been entirely unreasonable for an officer to believe, based on the affidavit, that the meth evidence was timely or that the cannabis stem made the meth evidence timely again.  Indeed, Richardson cites no precedent to this effect, and we cannot find any.  Nor do we even have any precedent addressing how quickly information about drug use or drug trafficking might go stale.  Because it is a "close enough question," and "not an open and shut matter," the good faith exception to the exclusionary rule applies.  See <u>Blake</u>, 868 F.3d at 975.  Accordingly, we affirm.  See <u>United States v. Matchett</u>, 802 F.3d 1185, 1191 (11th Cir. 2015) (holding that we may affirm the denial of a motion to suppress on any ground supported by the record).

Next, we find no merit to Richardson's challenges to his sentencing under the ACCA, both of which, he acknowledges, are foreclosed by binding precedent.  As for whether Florida robbery constitutes a violent felony under the ACCA, the Supreme Court has recently held that Florida robbery qualifies.  <u>Stokeling v. United</u>

States, No. 17-5554, 2019 WL 189343 (Jan. 15, 2019). Thus, Supreme Court precedent squarely forecloses Richardson's Florida robbery argument.

As for whether his April 29 convictions were proven to be committed on different occasions, Richardson says that, in imposing a sentence above the otherwise applicable statutory maximum, the sentencing court could only rely on the elements of the prior offense to impose the sentence, and not on the charging documents, which is where the dates for the offenses appear. However, we've held that the different-occasions nature of prior convictions can be proved by referencing the dates in the charging document. Longoria, 874 F.3d at 1283. Because Longoria has not been overruled by the Supreme Court or this Court sitting en banc, we affirm.

**AFFIRMED**.