[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2002
THOMAS K. KAHN
CLERK

No. 01-10918

_____

D. C. Docket No. 97-00021 CR-ORL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME WILKERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 29, 2002)**

Before TJOFLAT and COX, Circuit Judges, and HANCOCK*, District Judge.

PER CURIAM:

---

*Honorable James H. Hancock, U.S. District Judge for the Northern District of Alabama, sitting by designation.

Jerome Wilkerson was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Wilkerson received an enhanced sentence of 235 months' imprisonment pursuant to 18 U.S.C. § 924(e), which provides for a mandatory sentence of not less than fifteen years if the defendant has three prior convictions for violent felonies. On appeal, Wilkerson contends that the district court erred by finding that his prior Florida conviction for conspiracy to commit robbery qualified as a "violent felony" under § 924(e).[1] Reviewing de novo the court's conclusion that a particular offense constitutes a "violent felony" under § 924(e), *see United States v. Cobia*, 41 F.3d 1473, 1475 (1995), we affirm.

Section 924(e)(2)(B) defines the term "violent felony" to mean any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." In determining whether a particular offense falls within this definition, the Supreme Court has directed trial courts to pursue a categorical approach, "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions."

---

[1] Wilkerson raises three additional arguments on appeal: (1) that the evidence was not sufficient to support his conviction because the Government failed to prove that he possessed a firearm; (2) that Congress exceeded its power under the Commerce Clause by enacting 18 U.S.C. § 922(g); and (3) that the court erred by instructing the jury as it did. We find no merit in these arguments, and they do not warrant further discussion. *See* 11th Cir. R. 36-1.

*Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 2159 (1990). Our task, then, is to determine whether a Florida conviction for conspiracy to commit robbery, which requires proof of an agreement and an intent to commit robbery, can be classified categorically as a "violent felony" within the meaning of § 924(e)(2)(B).

Florida law defines the offense of robbery as the taking of another's property by "the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1). Thus defined, robbery clearly constitutes a "violent felony" within the meaning of § 924(e)(2)(B). *See, e.g., United States v. Jackson*, 57 F.3d 1012, 1017-18 (11th Cir. 1995) (recognizing that defendant's prior convictions for robbery are violent felonies under § 924(e)(2)(B)). And because robbery as defined by Florida law involves conduct that "presents a serious potential risk of physical injury to another," we conclude that a conspiracy that has as its object the offense of robbery likewise presents such a risk. *Cf. United States v. Cruz*, 805 F.2d 1464, 1474 n. 11 (11th Cir. 1986 (recognizing in different context that any conspiracy to commit crime of violence necessarily creates substantial risk of violence); *compare United States v. Preston*, 910 F.2d 81, 86-87 (3rd Cir. 1990) (holding that Pennsylvania conviction for conspiracy to commit robbery is "violent felony" under subsection (i) of § 924(e)(2)(B)). *But see United States v. King*, 979 F.2d 801, 802-04 (10th Cir. 1992) (holding that New Mexico conviction for conspiracy to commit robbery is not "violent

3

felony" under either subsection of § 924(e)(2)(B)).

Wilkerson contends, however, that because Florida does not require an overt act in furtherance of the conspiracy, his prior conviction for conspiracy to commit robbery is not a "violent felony." We find no merit in this argument. When one reaches an agreement with a co-conspirator to commit a robbery, and formulates the intent to commit the robbery, his conduct presents at least a potential risk of physical injury within the meaning of § 924(e)(2)(B)(ii). As explained by the Second Circuit in a slightly different context, "[t]he existence of a criminal grouping increases the chances that the planned crime will be committed beyond that of a mere possibility. Because the conspiracy itself provides a focal point for collective criminal action, attainment of the conspirators' objectives becomes instead a significant *probability*." *United States v. Chimurenga*, 760 F.2d 400, 404 (2nd Cir. 1985) (emphasis in original); *accord Cruz*, 805 F.2d at 1474 n. 11; *United States v. Mitchell*, 23 F.3d 1, 3 (1st Cir. 1994). Accordingly, because the elements of conspiracy under Florida law necessarily "present[] a serious potential risk of physical injury to another," we conclude that a Florida conviction for conspiracy to commit robbery is a "violent felony" within the meaning of § 924(e)(2)(B)(ii).

AFFIRMED.