[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11729
Non-Argument Calendar

_____

D. C. Docket No. 05-00212-CR-J-20-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SIDNEY WILLIS BRANSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 17, 2006)**

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

Sidney Willis Branson appeals his 180-month sentence for possession of a

firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e).  He

asserts the district court erred by: (1) finding his 1988 and 1999 convictions for "burglary of a structure" constituted "generic burglaries" under the Armed Career Criminal Act (ACCA); and (2) finding his 1988 and 1999 convictions qualified as predicate offenses under the ACCA. The district court did not err, and we affirm.

I.

Branson asserts the district court erred by finding his 1988 and 1999 convictions for "burglary of a structure" constituted "generic burglaries" under the ACCA, 18 U.S.C. § 924(e), because: (1) given Florida's inclusion of the term "the curtilage thereof" in defining burglary of a structure, the Government's sole reliance on the judgments and charging documents underlying his prior convictions did not meet its burden of proving he burglarized anything more than property surrounding the structure in question; and (2) with respect to his 1999 conviction, the district court impermissibly looked beyond the judgment, to the charging document, which included a greater offense than that to which he actually pled *nolo contendere*.

We review *de novo* whether a particular offense constitutes a violent felony for purposes of the ACCA, 18 U.S.C. § 924(e). *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002). Section 924(e) provides:

> (1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section

922(g)(1) of this title for a violent felony . . . such person shall be . . . imprisoned not less than fifteen years . . . .

. . .

(2)(B) [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that –
    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
    (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

In *Taylor v. United States*, 110 S. Ct. 2143, 2158, 2160 (1990), the Supreme Court defined "burglary" for purposes of a § 924(e) enhancement as (1) "generic burglary," namely, an offense "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime," or (2) an offense for which the charging paper and jury instructions actually required the jury to find all of the elements constituting generic burglary in order to convict the defendant. In *Shepard v. United States*, the Supreme Court summarized its approach in *Taylor*:

> Because statutes in some States . . . define burglary more broadly, as by extending it to entries into boats and cars, we had to consider how a later court sentencing under the ACCA might tell whether a prior burglary conviction was for the generic offense. We held that the ACCA generally prohibits the later court from delving into particular facts disclosed by the record of conviction, thus leaving the court normally to "look only to the fact of conviction and the statutory definition of the prior offense." We recognized an exception to this "categorical approach" only for "a narrow range of cases where a jury

3

[in a State with a broader definition of burglary] was actually required to find all the elements of" the generic offense. We held the exception applicable 'if the *indictment or information* and jury instructions *show that the defendant was charged only with a burglary of a building*, and that the jury necessarily had to find an entry of a building to convict . . . ." Only then might a conviction under a "nongeneric" burglary statute qualify as an ACCA predicate.

125 S. Ct. 1254, 1257-58 (2005) (citations omitted, emphasis added). The Court in

*Shepard* ultimately held:

enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to *the terms of the charging document*, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.

*Id.* at 1263 (emphasis added). The Court noted "[w]ith such material in a pleaded

case, a later court could generally tell whether the plea had 'necessarily' rested on

the fact identifying the burglary as generic, just as the details of instructions could

support that conclusion in the jury case, or the details of a generically limited

charging document would do in any sort of case." *Id.* at 1260 (citation omitted).

At the time of the 1988 offense and 1994 offense underlying the 1999

conviction, Florida defined burglary as "entering or remaining in a structure or a

conveyance with the intent to commit an offense therein . . . ." § 810.02(1), Fla.

Stat. (1987), (1994). Under Florida law, the terms "structure" and "dwelling"

4

include both the roofed area of a building *and* "the curtilage thereof." § 810.011(1), (2), Fla. Stat (1987), (1994). The Supreme Court of Florida has strictly construed the term "curtilage," as used in § 810.02, to include only an enclosed area surrounding the home or structure. *State v. Hamilton*, 660 So. 2d 1038, 1044-45 (Fla. 1995).

Florida's burglary statute defines burglary broadly, to include burglary of areas outside a structure, and the district court needed to consult the charging document. *See Shepard*, 125 S. Ct. at 1263. Thus, the statute is non-generic. *United States v. Day*, __ F.3d __, No. 05-15676, 2006 WL 2739348, at *3 (11th Cir. Sept. 27, 2006). Accordingly, we must determine whether the district court considered the appropriate portions of the record to determine whether Branson's prior convictions constituted "generic" burglaries.

As to his 1988 conviction, Branson pled *nolo contendere* to an information that charged "unlawfully enter[ing] or remain[ing] in a certain structure, to-wit: *a storage shed*," with intent to commit theft within. Because this offense "ha[d] the basic elements of unlawful or unprivileged entry into, or remaining in, *a building or structure*, with intent to commit a crime," it qualifies as a generic burglary under the ACCA. *See Taylor*, 110 S. Ct. at 2158 (emphasis added). Although, under the Florida burglary statute, Branson *could have* been convicted for burglary of only a

5

structure's curtilage, the charging document indicates that he *did*, in fact, burglarize "a certain structure, to wit: a storage shed[.]" The district court appropriately looked to the information and judgment underlying the 1988 conviction to determine whether it constituted a generic burglary for purposes of the ACCA. *See Shepard*, 125 S. Ct. 1263. Accordingly, contrary to Branson's contention, because the offense underlying his 1988 conviction constitutes the third predicate offense required for application of the ACCA enhancement, we affirm application of the ACCA enhancement, and find it unnecessary to decide whether Branson's 1999 constituted a violent felony.[1]

## II.

Branson also asserts the district court's finding his 1988 and 1999 convictions qualified as predicate offenses under the ACCA violated his Sixth Amendment rights because these findings were not made by a jury or admitted by him, and the court relied on disputed portions of charging documents in making these findings.

---

[1] Recently, we vacated and remanded a defendant's sentence, holding the district court erred in basing applicability of the ACCA enhancement only on the charging document from a prior conviction because that document charged the defendant with a different offense than the one to which he had pled *nolo contendere*. *Day*,__ F.3d __, 2006 WL 2739348, at *4. As to Branson's 1988 conviction, the charging document and judgment included the same offense, thus *Day* is not applicable.

Because Branson raised a constitutional claim below, we review *de novo* whether the district court applied a sentencing enhancement in violation of the Sixth Amendment, reversing only for harmful error. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). In *Almendarez-Torres v. United States*, the Supreme Court held the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions in order for the district court to use those convictions for purposes of enhancing a sentence. 118 S. Ct. 1219, 1222 (1998). After *Apprendi v. New Jersey*, 120 S. Ct. 2348, 2362-63 (2000), *Blakely v. Washington*, 134 S. Ct. 2531, 2537 (2004), *United States v. Booker*, 125 S. Ct. 738, 756 (2005), and *Shepard,* we continue to apply *Almendarez-Torres*. *See United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315-16 (11th Cir.), *cert. denied*, 126 S. Ct. 457 (2005).

To the extent Branson is contending the district court engaged in impermissible fact-finding, we conclude the district court did not engage in impermissible fact-finding when it determined the prior burglaries qualified as violent felonies for purposes of enhancing Branson's sentence under the ACCA. We have held "*Shepard* does not bar judges from finding whether prior convictions qualify for ACCA purposes; it restricts the sources or evidence that a judge (instead of a jury) can consider in making that finding." *United States v. Greer*,

7

440 F.3d 1267, 1275 (11th Cir. 2006). In the instant case, the district court considered only the terms of the charging documents and the judgments of conviction in determining whether Branson's burglary convictions constituted qualifying convictions under the ACCA, which are permissible under *Shepard*.

Additionally, the imposition of the armed career criminal enhancement did not implicate the *Apprendi/Blakely/Booker* line of cases, as those cases clearly exempt prior convictions from the type of facts that must be admitted by the defendant or proved to a jury beyond a reasonable doubt in order to support a sentencing enhancement. We have held until the Supreme Court holds otherwise, *Almendarez-Torres* remains good law. *See United States. Orduno-Mireles*, 405 F.3d 960, 963 (11th Cir. 2003). Accordingly, we reject Branson's constitutional claim.

AFFIRMED.