[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2008
THOMAS K. KAHN
CLERK

No. 07-11265
Non-Argument Calendar

_____

D. C. Docket No. 06-00430-CR1-CLS-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARL OSCAR FASTNACHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(January 7, 2008)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Karl Fastnacht appeals his sentence for possession of a firearm by a convicted

felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, Fastnacht argues

that the district court erred in concluding that his five prior burglary convictions required enhancement of his sentence under the Armed Career Criminal Act ("ACCA") because, he contends, the incidents arose out of the same scheme of conduct and did not present a serious potential risk of injury to another. Fastnacht also argues that the mandatory minimum sentence imposed on him violated both his Eighth Amendment protection against cruel and unusual punishment and the constitutional principle of separation of powers because it divested the judiciary of its independent role to determine an individualized sentence.

## I.    Burglary Convictions

We review de novo whether a particular offense constitutes a violent felony for purposes of the ACCA. United States v. Wilkerson, 286 F.3d 1324, 1325 (11th Cir. 2002). Section 924(e) of the ACCA provides that:

> (1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . .
> . . .
> (2)(B) [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that -
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. §§ 924(e)(1), (e)(2)(B). The Supreme Court has defined burglary for purposes of a § 924(e) enhancement as "generic burglary," containing "at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990). In Taylor, the Court specifically rejected using the definition of burglary provided by the State of conviction when deciding if an offense qualified under § 924(e). Id. at 592 ("We think that 'burglary' in § 924(e) must have some uniform definition independent of the labels employed by the various States' criminal codes.").

While § 924(e)(1) provides that the violent felonies must have been committed on different occasions, we have stated that neither the wording of the ACCA, nor its legislative history, reveals any intent that the predicate offenses must have been separated by some substantial amount of time. United States v. Pope, 132 F.3d 684, 692 (11th. Cir. 1998). Accordingly, "so long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA. A showing that the crimes reflect distinct aggressions, especially if the defendant committed the crimes *in different places*, is particularly probative of the sequential nature of those crimes." Id. (emphasis added).

Fastnacht has five prior Alabama state court convictions for third-degree

burglary, which the Alabama statute defines as "knowingly enter[ing] or remain[ing] unlawfully in a building with intent to commit a crime." Ala. Code § 13A-7-7 (1977). Therefore, Fastnacht's convictions meet the elements of generic burglary set out by the Supreme Court in Taylor. The convictions were for burglary of five separate buildings. Even if the burglaries occurred in one night, as Fastnacht alleges, burglary of five different buildings nonetheless represents separate offenses under Pope. Fastnacht's fifteen year sentence under the ACCA is therefore appropriate. Fastnacht's claim that the convictions should not be considered because he was a youth when they were committed is unavailing because Fastnacht was tried and sentenced as an adult for the crimes. See United States v. Spears, 443 F.3d 1358, 1361 (11th Cir. 2006) (petitioner's claim that his convictions should not count for the ACCA enhancement because he was a juvenile when he committed the crimes found "meritless" because he was tried and sentenced as an adult), cert. denied, 127 S.Ct. 264 (2006).

## II.    Constitutional Claims

We have declined to review a claim that a sentence constituted cruel and unusual punishment when the argument was not raised in the district court. See United States v. Sanchez, 138 F.3d 1410, 1417 (11th Cir. 1998). Nevertheless, we generally review a constitutional challenge to a sentence not raised in the district

court for plain error. United States v. Swatzie, 228 F.3d 1278, 1281 (11th Cir. 2000). To correct plain error, we first must find (1) error, (2) that is plain, and (3) that affects substantial rights. Id. "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Fastnacht argues on appeal that his mandatory sentence is cruel and unusual, and violates the separation of powers. He did not raise these constitutional objections to his sentence at the sentencing hearing. We have held that the ACCA's fifteen-year minimum sentence is neither disproportionate to the § 922(g) offense nor cruel and unusual punishment. United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000). We have also rejected the argument that mandatory minimum sentences violate the separation of powers doctrine, stating, "[i]t is for Congress to say what shall be a crime and how that crime shall be punished . . . . " United States v. Holmes, 838 F.2d 1175, 1178 (11th Cir. 1988) (quoting United States v. Smith, 686 F.2d 234, 239 (5th Cir. 1982)). Accordingly, the district court's sentence was not plain error, and we affirm.

**AFFIRMED.**