[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15214
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00279-CR-T-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY TYRONE JOHNSON,
a.k.a. Tim Johnson,
a.k.a. Timothy Johnson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 21, 2009)

Before TJOFLAT, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Timothy Tyrone Johnson appeals his sentence of 180 months imprisonment, after he pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court determined that Johnson was an armed career criminal pursuant to 18 U.S.C. § 924(e)(2) because he had two convictions for third-degree burglary (committed on different dates) and one conviction for third degree robbery.

On appeal, Johnson argues that third-degree burglary under Alabama law does not constitute a violent felony for purposes of the Armed Career Criminal Act ("ACCA") because it lacks a statutory element of violence. He acknowledges that *Taylor v. United States*, 495 U.S. 575, 598 (1990), held that burglaries are violent felonies, and that courts must adopt a formal categorical approach when applying the ACCA provision by looking only to the conviction and statutory definition of the predicate offense and not to the underlying facts. He argues, however, that *Begay v. United States*, 553 U.S. ___, 128 S. Ct. 1581 (2008), called into question the strict categorical approach that *Taylor* established, and that the result of *Begay* is to require that a property crime must involve a serious potential risk of physical injury. Johnson also predicts that *United v. Chambers*, 555 U.S. ___, 129 S. Ct. 687 (2009), will do the same.[1]

_____

[1] At the time he filed his brief, the Supreme Court had not yet decided *Chambers*.

We consider *de novo* whether a particular conviction is a "violent felony" for purposes of the ACCA. *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002) (per curiam). Under the ACCA, a person who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony," a serious drug offense, or both, is an armed career criminal and subject to imprisonment for a period of not less than 15 years. 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

*Id*. § 924(e)(2)(B).

To determine whether a crime constitutes a violent felony, a court must follow a categorical approach in which it "look[s] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor*, 495 U.S. at 601. In Alabama, "[a] person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with

3

intent to commit a crime therein."  ALA. CODE § 13A-7-7.  Alabama law classifies

third-degree burglary as a Class C felony.  *Id.*  Under the ACCA, a "burglary" must

be a generic burglary, that is, it must "hav[e] the basic elements of unlawful or

unprivileged entry into, or remaining in, a building or structure, with intent to

commit a crime."  *Taylor*, 495 U.S. at 599.

Upon careful review of the record and consideration of the arguments

presented in the parties' briefs, we discern no reversible error.  Because the

Alabama statutory language clearly includes the elements of "generic burglary," as

outlined in *Taylor*, and provides for a term of imprisonment greater than one year,

third-degree burglary under Alabama law constitutes a qualifying offense under the

ACCA.  Nothing in *Begay* or *Chambers* casts doubt on the categorical approach

formulated in *Taylor*.  On the contrary, the Supreme Court applied the categorical

approach in both cases.  *See Begay*, 553 U.S. ___, 128 S. Ct. at 1584 ("In

determining whether this crime is a violent felony, we consider the offense

generically, that is to say, we examine it in terms of how the law defines the

offense and not in terms of how an individual offender might have committed it on

a particular occasion."); *Chambers*, 555 U.S. ___, 129 S. Ct. at 690 (providing that

"to determine, for example, whether attempted burglary is a 'violent felony,' we

have had to examine, not the unsuccessful burglary the defendant attempted on a

4

particular occasion, but the generic crime of attempted burglary"). Moreover, while *Begay* and *Chambers* considered whether unenumerated felonies qualify as violent felonies under the ACCA,[2] Johnson's prior offense of burglary is explicitly enumerated as a violent felony in the ACCA.

Accordingly, we affirm.

**AFFIRMED.**

---

[2] In particular, *Begay* and *Chambers* addressed driving under the influence under New Mexico law and failure to report under Illinois law, respectively.