NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0414n.06

No. 13-5394

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 10, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| TOBY DEAN BEQUETTE, | ) TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: SILER, GILMAN, and GIBBONS, Circuit Judges.

PER CURIAM. Toby Dean Bequette, a federal prisoner, appeals through counsel the 57-month sentence imposed following his guilty plea to a charge of being a felon in possession of a firearm.

Bequette was charged with this offense after he pawned a stolen firearm. He entered a guilty plea. The presentence report calculated his guidelines sentencing range at 57 to 71 months of imprisonment. Bequette objected that his 1994 Florida conviction of robbery should not be counted as a crime of violence under USSG §§ 4B1.2 and 2K2.1(a)(3). Without a previous conviction of a crime of violence, the guidelines range would have been 30 to 37 months of imprisonment. Bequette argued that because the Florida statute defined robbery as accomplished by the use of force, violence, assault, or putting in fear, he may have committed a robbery by putting in fear, which would not necessarily be a crime of violence. The parties presented argument on this issue at the sentencing hearing. The district court concluded that the Florida

robbery conviction was a crime of violence and sentenced Bequette at the bottom of the resulting guidelines range. Bequette reasserts his argument on appeal.

A determination that a prior offense is a crime of violence is reviewed de novo. *United States v. Evans*, 699 F.3d 858, 862 (6th Cir. 2012). The Eleventh Circuit, which encompasses Florida, has persuasively held that robbery as defined in the Florida statute is a crime of violence and a violent felony. *United States v. Lockley*, 632 F.3d 1238, 1240-45 (11th Cir. 2011); *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002). We have likewise determined that robbery under a Tennessee statute, which also includes putting in fear as an element, is categorically a violent felony. *United States v. Mitchell*, 743 F.3d 1054, 1059-60 (6th Cir. 2014). *See also United States v. Taylor*, 696 F.3d 628, 630-33 (6th Cir. 2012) (upholding determination that larceny under a similar Michigan statute is violent felony). Bequette also argues that the Florida robbery statute is overbroad, such that it cannot be a crime of violence, citing *Descamps v. United States*, 133 S. Ct. 2276 (2013). However, in *Mitchell*, 743 F.3d at 1066, we rejected a similar argument, finding that the accomplishment of robbery by putting in fear was not broader than the generic definition of robbery.

Accordingly, the district court's judgment is affirmed.