[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16758
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cr-80085-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID G. TREVINO, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 4, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

David G. Trevino, Jr. appeals his convictions and his 240-month sentence for knowingly possessing a firearm as a convicted felon, two counts of possessing marijuana with intent to distribute, carrying a firearm during and in relation to a drug trafficking crime, possessing cocaine with intent to distribute, and falsifying records in a federal investigation.  On appeal, Trevino argues that the district court made several errors.  Specifically, he alleges that the district court abused its discretion by (1) denying his motion for a continuance and his motion to authorize funds to appoint a DNA expert; (2) admitting evidence found in his car and his recorded jail phone calls; (3) admitting two of his prior convictions; and (4) denying his motion for a new trial.  Trevino then argues that the government made improper statements during its rebuttal closing argument.  Finally, Trevino argues that he was incorrectly sentenced under the Armed Career Criminal Act (ACCA).  After careful review, we affirm.

## I.

We review a district court's denial of a motion for continuance and denial of funding for expert services under an abuse of discretion standard.  *United States v. Valladares*, 544 F.3d 1257, 1261 (11th Cir. 2008) (per curiam) (motion for continuance); *United States v. Feliciano*, 761 F.3d 1202, 1208 (11th Cir. 2014) (motion for expert assistance).  We also review the district court's evidentiary decisions for an abuse of discretion.  *United States v. Clay*, 832 F.3d 1259, 1314

(11th Cir. 2016).  And the same is true for our review of a district court's denial of a motion for new trial based on newly discovered evidence.  *United States v. Vallejo*, 297 F.3d 1154, 1163 (11th Cir. 2002).

## A.

The district court did not abuse its discretion in denying Trevino's pre-trial motions for continuance and for expert funding.  Trevino argues that the government disclosed a "new theory" regarding DNA evidence that was retrieved from the gun one week before trial and that he needed time and funds for an expert to investigate this theory.

First, the "denial of a continuance . . . must be upheld unless the defendant can show . . . specific, substantial prejudice."  *United States v. Saget*, 991 F.2d 702, 708 (11th Cir. 1993).  "To make such a showing, [the defendant] must identify relevant, non-cumulative evidence that would have been presented if his request for a continuance had been granted."  *Id.*  Second, to prevail on a claim that the district court abused its discretion in denying funding for expert services, a defendant must show that the expert's services are necessary to mount a plausible defense, and that without such expert services the defendant's case would be prejudiced.  *Feliciano*, 761 F.3d at 1209.

The government's "new theory" was not new at all.  The DNA report remained the same; Trevino's DNA was not recovered from the gun.  A week

3

before trial, the government revealed that it intended to have an expert testify that

the absence of DNA does not equate to an individual not handling an object.

Trevino cannot show prejudice for either of denials.  He cannot show any specific

evidence that he would have been able to present had he been given a continuance.

Further, he failed to show how expert services could help him mount a plausible

defense.  The DNA report that was to form the basis of the expert's testimony

remained the same.  Thus the district court did not abuse its discretion.

### B.

The district court also did not abuse its discretion in any of its trial

evidentiary decisions.  Trevino argues that the district court erred by admitting

irrelevant and prejudicial evidence: latex gloves, currency, a counterfeit detector

pen, all found either in Trevino's car or on his person, and jail phone calls.  He also

argues that the district court abused its discretion by admitting his prior convictions

as improper character evidence.

"Evidence is relevant if it has 'any tendency to make the existence of any

fact that is of consequence to the determination of the action more probable or less

probable than it would be without the evidence.'"  *United States v. Flanders*, 752

F.3d 1317, 1335 (11th Cir. 2014) (quoting Fed. R. Evid. 401).  The district court

has broad discretion to determine the relevance of any given piece of evidence.  *Id.*

at 1334–35.  However, a district court may "exclude relevant evidence if its

4

probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. When "reviewing issues under Rule 403, we look at the evidence in the light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Flanders*, 752 F.3d at 1335. Noting that relevant evidence in a criminal trial is "inherently prejudicial," we have stated that Rule 403 is an "extraordinary remedy that should be used sparingly." *Id.* (internal quotation marks omitted).

Further, evidence of a person's crimes, wrongs, and other bad acts is not admissible for the purpose of showing propensity; however, such evidence is admissible for other purposes, such as showing knowledge, intent, or motive. Fed. R. Evid. 404(b). That evidence is admissible as long as it is relevant to an issue other than the defendant's character and its probative value is not substantially outweighed by undue prejudice. *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003). A district court may give a limiting instruction to reduce unfair prejudice. *See United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007).

The district court did not abuse its discretion in admitting the latex gloves, currency, and a counterfeit detector pen because these pieces of evidence were relevant to the charged crimes, and their probative value was not substantially outweighed by undue prejudice. *See Flanders*, 752 F.3d at 1335; Fed. R. Evid. 403.

5

Similarly, the statements recorded in Trevino's jail phone calls were relevant to his intent and tended to make it more probable that he was selling drugs, as alleged in the second superseding indictment. *See Flanders*, 752 F.3d at 1335; Fed. R. Evid. 403. Nevertheless, Trevino has abandoned any argument that the recorded phone calls were substantially more prejudicial than probative by failing to develop any arguments or cite any authority to that effect in his initial brief. Where a criminal defendant fails to provide arguments or legal support on the merits of an issue in his initial brief, we deem the issue to be waived. *United States v. Gupta*, 463 F.3d 1182, 1195 (11th Cir. 2006).

Likewise, the prior convictions were not improperly admitted because they were relevant to show Trevino's identity, intent, and knowledge. Fed. R. Evid. 404(b)(2). Further, the probative value of the prior convictions is not substantially outweighed by undue prejudice. The prior convictions were based on crimes that occurred at the exact same location as the instant offense, and the district court gave a limiting instruction.

## C.

Lastly, the district court did not abuse its discretion in refusing to grant Trevino a new trial. Trevino argues that he is entitled to a new trial or at the very least an evidentiary hearing because of new evidence—he alleged that, after trial,

6

he learned that one of the witnesses who testified against him was coached.  His allegation was supported by the affidavit of his mother.

Federal Rule of Criminal Procedure 33 provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  "To succeed on a motion for new trial based on newly discovered evidence, [a defendant] must establish that (1) the evidence was discovered after trial, (2) the failure . . . to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result."  *Jernigan*, 341 F.3d at 1287.  "Failure to meet any one of these elements will defeat a motion for a new trial."  *United States v. Starrett*, 55 F.3d 1525, 1554 (11th Cir. 1995) (per curiam).

Moreover, a defendant is not entitled to an evidentiary hearing on a motion for a new trial when the "acumen gained by a trial judge over the course of the proceedings [makes him or her] well qualified to rule on the evidence without a hearing."  *United States v. Schlei*, 122 F.3d 944, 994 (11th Cir.1997) (internal quotation marks omitted).

The district court did not abuse its discretion in denying Trevino's motion for a new trial.  After presiding over Trevino's trial, the district court judge possessed substantial acumen that made him well qualified to rule on the motion

without an evidentiary hearing, and was in the best position to evaluate the credibility of the attached affidavit against the considerable testimony and corroborating evidence produced at trial. *See Schlei*, 122 F.3d at 994. Additionally, Trevino did not show that his failure to discover the new evidence was not due to a lack of due diligence, that the evidence was not merely impeaching, that the evidence was material, or that a new trial would probably produce a different result. *Jernigan*, 341 F.3d at 1287.

## II.

We review a claim of prosecutorial misconduct during closing arguments de novo as a mixed question of law and fact. *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). Trevino argues that the government's remarks during closing—arguing beyond the scope of closing argument regarding the meaning of the DNA evidence and referring to an individual as Trevino's "do boy"—constitute prosecutorial misconduct.

To establish prosecutorial misconduct, "(1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant." *Id.* (internal quotation marks omitted). We have long held that a prosecutor "may argue both facts in evidence and reasonable inferences from those facts." *United States v. Gonzalez*, 834 F.3d 1206, 1226 (11th Cir. 2016) (internal quotation marks omitted). "Additionally, the prosecutor, as an advocate, is

entitled to make a fair response to the arguments of defense counsel." *United States* v. *Reeves*, 742 F.3d 487, 505 (11th Cir. 2014) (internal quotation marks omitted). "The prosecutor may, however, comment on the failure by defense counsel, as opposed to the defendant, to counter or explain evidence." *United States* v. *Bernal-Benitez*, 594 F.3d 1303, 1315 (internal quotation marks omitted).

Here, the government's statements during its rebuttal closing argument were not improper because they fairly rebutted the arguments Trevino raised in his closing argument, drew reasonable inferences from facts in evidence, and only commented on the failure by defense counsel to counter or explain evidence. *Reeves*, 742 F.3d at 505; *Bernal-Benitez*, 594 F.3d at 1315. The district court did not err by overruling Trevino's objections.

## III.

Lastly, we review de novo the district court's conclusion that a particular offense constitutes a violent felony under 18 U.S.C. § 924(e). *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002) (per curiam). Under the ACCA, any person who violates 18 U.S.C. § 922(g), and has three previous convictions for a violent felony or a serious drug offense, is subject to a mandatory minimum sentence of 15 years' imprisonment. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

9

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives . . . .

18 U.S.C. § 924(e)(2)(B).

"An aggravated assault is an assault [w]ith a deadly weapon without intent to kill or . . . an intent to commit a felony. Fla. Stat. § 784.021. Florida law defines an "assault" as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011. We have previously held that "a conviction under Fla. Stat. § 784.021 will always include as an element the threatened use of physical force against the person of another" because the offense requires "by its definitional terms an . . . intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so." *Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1338 (11th Cir. 2013), *abrogated in part by Johnson*, 576 U.S. ___, 135 S. Ct. 2551 (2015) (internal quotation marks omitted). Furthermore, we recently confirmed that *Turner* remains binding precedent. *See United States v. Golden*, 854 F.3d 1256, 1256–1257 (11th Cir. 2017) (per curiam) *cert. denied* ___ S. Ct. ___ (2017). Thus, Trevino's argument is foreclosed by our binding precedent in *Turner* and *Golden*.

**AFFIRMED**.

10