[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10028
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cv-01673-SCB-TGW,
8:92-cr-00271-SCB-TGW-1

KENNETH FLOYD PRUTTING,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 1, 2018)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth Prutting, a federal prisoner serving a 264-month sentence, appeals the District Court's dismissal of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On appeal, Prutting argues that he does not qualify as an armed career criminal because his robbery convictions under Connecticut law fell under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which the Supreme Court invalidated in *Johnson v. United States*, — U.S. ——, 135 S. Ct. 2551 (2015). We hold that he has failed to prove that the sentencing court used the residual clause to enhance his sentence, and therefore that he cannot prevail on his *Johnson* claim. *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

I.

Prutting has three prior convictions of robbery in Connecticut.[1] He has one conviction of third-degree assault from 1982. In 1993, a jury convicted Prutting of being a convicted felon in possession of a firearm. 18 U.S.C. §§ 922(g), 924(e).

---

[1] In 1982, Prutting was convicted of second degree robbery under Conn. Gen. Stat. § 53a-135(a)(1) and first degree robbery pursuant to Conn. Gen. Stat. § 53a-134(a)(4). In 1984, Prutting was once again convicted of first degree robbery under Conn. Gen. Stat. § 53a-134(a)(4).

The District Court determined that Prutting was an armed career criminal and sentenced him to 264 months of prison.

In the aftermath of *Johnson*, Prutting moved the District Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(a).  He argued that his sentence enhancement relied on the residual clause and that his robbery convictions cannot fall under the elements clause.  The District Court denied his § 2255 petition.  It held that robbery, as defined in Connecticut law, constitutes a violent felony under the elements clause because it requires the use, attempted use, or threatened use of physical force against another person.

Prutting then moved for a certificate of appealability ("COA"), but the District Court denied the motion.  Prutting, however, appealed and obtained a COA from a member of this Court.

## II.

When we review a § 2255 claim, we review legal conclusions *de novo* and factual findings for clear error.  *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014).  It is a question of law whether a conviction is a violent felony under the ACCA.  *United States v. Seabrooks*, 839 F.3d 1326, 1338 (11th Cir. 2016).  We are free to affirm on any ground supported by the record.  *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016).

3

The ACCA provides that a defendant faces a mandatory minimum of fifteen years in prison when he or she is convicted of being a felon in possession of a firearm and has three or more prior convictions for a serious drug offense or a violent felony.  18 U.S.C. § 924(e)(1).  The ACCA defines "violent felony" to mean any crime punishable by more than one year in prison and that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B)(i)–(ii).  We refer to the first prong of this definition as the "elements clause," while the second prong contains both an "enumerated crimes" clause and a "residual clause."  *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).  In *Johnson*, the Supreme Court struck down the residual clause as unconstitutionally vague.  135 S. Ct at 2556.  The holding in *Johnson* represents a new substantive rule that has retroactive application to cases on review.  *Welch v. United States*, — U.S. ——, 136 S. Ct. 1257, 1268 (2016).

To make out a successful claim under *Johnson*, a petitioner must establish that his sentence enhancement turned on the validity of the residual clause. *Beeman*, 871 F.3d at 1221.  He must show that the residual clause "actually adversely affected the sentence he received."  *Id.*  Accordingly, the petitioner must prove that the residual clause "more likely than not" formed the basis for his

4

sentence enhancement. *Id.* at 1221–22. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to the use of the residual clause." *Id.* at 1222. A petitioner cannot prevail if he or she fails "to prove that but for the residual clause he would have received a different sentence." *Id.* at 1225.

In the present case, Prutting argues that he is not an armed career criminal because his ACCA enhancement rested on the residual clause. However, he offers no evidence that the District Court actually relied on the residual clause in enhancing his sentence. Prutting concedes that robbery convictions could, and have been held to, fall under the elements clause. True. *See United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002) (holding that robbery under Florida law is a violent felony under the ACCA). As a result, the District Court might have relied on either the elements clause or the residual clause in enhancing his sentence. The record does not reveal which one.[2] *Id.* at 1221. It is just as likely that the District Court relied on the elements clause as the residual clause, especially since the Connecticut robbery statute plainly requires "the use of physical force upon another person." Conn. Gen. Stat. § 53a-133; *cf. United States*

---

[2] The Presentence Investigation Report ("PSI") does not state which clause of the ACCA supported an enhancement. In a sentencing hearing on September 7, 1993, the District Court stated that "the Defendant is an armed career criminal." It said no more on the matter.

*v. Vail-Bailon*, 868 F.3d 1293, 1302 (11th Cir. 2017) (holding that the ACCA requires only "violent force that is *capable* of causing physical pain or injury to another (emphasis added)).  Therefore, Prutting has "failed to prove—that it was more likely than not—he in fact was sentenced as an armed career criminal under the residual clause." *Beeman*, 871 F.3d at 1225.  Because Prutting does not have a claim under *Johnson*, his challenge to the elements clause is time-barred.  *See* 28 U.S.C. § 2255(f)(1).  Accordingly, the decision of the District Court is

**AFFIRMED.**