[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10315
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20421-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY MILLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 8, 2019)

Before ED CARNES, Chief Judge, MARCUS, and ROSENBAUM, Circuit
Judges.

PER CURIAM:

Bobby Mills appeals his 210-month sentence and conviction for knowing possession of a firearm and ammunition by a convicted felon.  He contends that the district court erred by admitting certain evidence, failing to declare a mistrial, and sentencing him under the Armed Career Criminal Act.

I.

In May 2017 Mills was riding in the passenger seat of a vehicle when Miami-Dade police conducted a traffic stop.  When Mills exited the vehicle an officer saw a semi-automatic firearm with an extended magazine on the passenger side floorboard.   After Mills' arrest the police executed a search warrant on his phone, which he had been using for three months since his release from prison in March 2017 for a previous offense.  They discovered a photograph of a man's arm holding a firearm that appeared similar to the one discovered at the time of Mills' arrest.  In the photo a tattoo was partially visible on the underside of the individual's wrist.

The government filed a notice of intent to introduce at trial the photograph from Mills' phone as Rule 404(b) evidence and Mills responded with a motion in limine to exclude the evidence.  The court overruled Mills' motion, reasoning that the government could use the photograph to prove lack of mistake since it was unlikely to be a coincidence that Mills entered a vehicle that happened to contain a

2

firearm similar to one depicted in a photograph on his phone.  The government later introduced the photograph into evidence at trial over Mills' objections.

During closing arguments Mills' counsel highlighted the fact that the government had not introduced evidence showing that Mills had a tattoo similar to the one in the photograph.  During rebuttal the prosecutor pointed at Mills and opined that this was "a very bold argument to make to you as her client sits there with a long sleeve shirt."  Mills objected and the court overruled the objection.  After the jury left to deliberate Mills renewed his objection, arguing that the government's comments had inappropriately shifted the burden of proof to Mills to show that he did not have a tattoo.  The court ordered the jury to stop deliberating and provided a curative instruction.  After receiving a note from the jury indicating that it could not arrive "at a conclusive agreement," the court said that "the way this has transpired today, I think our next step is a mistrial."  Mills then asked that the jury have more time to deliberate.  The court asked Mills if his earlier request for a mistrial was "off the table" and Mills asked the court to allow the jury to continue to deliberate.  The jury eventually returned a guilty verdict.

The Presentence Investigation Report determined that Mills was subject to a 15-year mandatory minimum term of imprisonment as an armed career criminal under the ACCA due to prior convictions.  Mills objected to the PSR, arguing that his prior aggravated battery and robbery convictions were not violent felonies

3

under the ACCA.  The district court acknowledged Mills' objections, but noted that Mills' prior convictions were ACCA predicate offenses under binding circuit precedent.  It sentenced Mills to 210 months.

## II.

Mills first contends that the district court erred in admitting the photograph from his phone.

"We review a district court's evidentiary rulings for clear abuse of discretion."  United States v. Perez-Oliveros, 479 F.3d 779, 783 (11th Cir. 2007).  To be admissible, Rule 404(b) evidence must: (1) be relevant to an issue other than the defendant's character; (2) be sufficiently proven to allow a jury to find by a preponderance of the evidence that the defendant committed the act; and (3) possess probative value that is not substantially outweighed by its undue prejudice under Rule 403.  United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007).

Here the government used the photograph to show that Mills had knowledge of similar firearms, so it was relevant to an issue other than his character.  The government provided evidence that the phone was in Mills' sole possession for three months prior to his arrest and that the firearm in the photo was nearly identical to the one found in the vehicle when he was arrested.  This could allow a jury to find by a preponderance of the evidence that Mills had knowledge of this

4

type of firearm.  And we cannot say that the district court abused its discretion in finding that the probative value of the photo was not substantially outweighed by undue prejudice.

III.

Mills next contends that the district court abused its discretion in failing to grant a mistrial.

Whether "to grant a mistrial lies within the sound discretion of the trial judge" because the court "is in the best position to evaluate the prejudicial effect of a statement or evidence on the jury."  United States v. Mendez, 117 F.3d 480, 484 (11th Cir. 1997) (quotation marks omitted).  "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party."  United States v. Ross, 131 F.3d 970, 988 (11th Cir. 1997) (quotation marks omitted).  "The doctrine of invited error is implicated when a party induces or invites the district court into making an error."  United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005) (quotation marks omitted).

Mills may not challenge as error the district court's decision not to declare a mistrial because he invited that error — if error it was.  The record clearly shows that the court was on the verge of declaring a mistrial when Mills asked the court to allow the jury to continue deliberating instead.  Mills cannot now take a second bite at the apple because this decision did not yield the result he hoped for.  The

5

district court properly exercised its discretion in granting Mills' request to allow the jury to reach a verdict.

IV.

Finally, Mills claims he should not be subject to a 15-year minimum sentence under the ACCA because his Florida robbery, felony battery, and aggravated battery offenses are not violent felonies under the Act.

We review de novo the district court's conclusion that a particular offense constitutes a violent felony under the ACCA. United States v. Wilkerson, 286 F.3d 1324, 1325 (11th Cir. 2002). The ACCA stipulates that any crime punishable by a term of imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another" is a violent felony for which a 15-year minimum sentence applies. 18 U.S.C. § 924(e)(2)(B)(i). This first prong of the ACCA's definition of violent felony is sometimes referred to as the "elements clause." United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).[1] The Supreme Court has held that "Florida robbery qualifies as an ACCA-predicate offense under the elements clause." Stokeling v. United States, 586 U.S. ___, 139 S. Ct. 544, 555 (2019). We have held that

---

[1] The Supreme Court has held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551, 2563 (2015). But because we analyze Mills' prior offenses under only the elements clause of the ACCA, these due process concerns are not implicated.

Florida felony battery is a predicate offense under the elements clause. <u>United States v. Green</u>, 873 F.3d 846, 869 (11th Cir. 2017), <u>cert. denied</u>, 138 S. Ct. 2620 (2018). And we have held that Florida aggravated battery offenses that, like Mills', involve intentionally causing great bodily harm or using a deadly weapon categorically qualify as violent felonies under the ACCA's elements clause. <u>See Turner v. Warden Coleman FCI (Medium)</u>, 709 F.3d 1328, 1341 (11th Cir. 2013), <u>abrogated on other grounds by</u> <u>Johnson</u>, 135 S. Ct. at 2563. As a result, Mills' claims that his Florida robbery and battery offenses are not violent felonies for ACCA purposes are foreclosed by binding precedent. <u>See</u> <u>Stokeling</u>, 139 S. Ct. at 555; <u>Green</u>, 873 F.3d at 869; <u>Turner</u>, 709 F.3d at 1341. So the district did not err in sentencing Mills as an armed career criminal.

**AFFIRMED.**