[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13795
Non-Argument Calendar

_____

D.C. Docket Nos. 9:16-cv-80559-DMM; 9:14-cr-80227-DMM-11

JAMIE NEIL CAPALBO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 15, 2019)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Jamie Capalbo appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 180-month sentence imposed following his convictions for conspiracy to distribute cocaine and possession of a firearm by a felon.  Capalbo challenges his sentencing enhancement under the Armed Career Criminal Act, arguing that the district court erred in concluding that his Florida robbery and aggravated assault convictions qualify as ACCA predicates under the "elements" clause.

We review <u>de novo</u> the district court's conclusion that a particular offense constitutes a violent felony under the ACCA.  <u>United States v. Wilkerson</u>, 286 F.3d 1324, 1325 (11th Cir. 2002).  The ACCA stipulates that any crime punishable by a term of imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another" is a violent felony for which a 15-year minimum sentence applies.  18 U.S.C. § 924(e)(2)(B)(i).  This first prong of the ACCA's definition of violent felony is sometimes referred to as the "elements clause."  <u>United States v. Owens</u>, 672 F.3d 966, 968 (11th Cir. 2012).[1]  The Supreme Court has held that "Florida robbery qualifies as an ACCA-predicate offense under the elements clause."  <u>Stokeling v.</u>

---

[1] The Supreme Court has held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." <u>Johnson v. United States</u>, 576 U.S. ___, 135 S. Ct. 2551, 2563 (2015).  But because we analyze Mills' prior offenses under only the elements clause of the ACCA, these due process concerns are not implicated.

2

United States, 586 U.S. ___, 139 S. Ct. 544, 555 (2019).  We have held that aggravated assault in violation of section 784.021 of the Florida Statutes constitutes a violent felony under the ACCA's elements clause.  See Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1337–38 (11th Cir. 2013), abrogated on other grounds by Johnson, 135 S. Ct. at 2563.

As a result, Capalbo's claims that his Florida robbery and battery offenses are not violent felonies for ACCA purposes are foreclosed by binding precedent. See Stokeling, 139 S. Ct. at 555; Turner, 709 F.3d at 1337–38.  Capalbo argues that Turner was wrongly decided because it incorrectly applied our earlier decision in United States v. Palomino Garcia, 606 F.3d 1317 (11th Cir. 2010).  But even if we were convinced that Turner was wrongly decided, we are bound by it because it has not been abrogated by the Supreme Court or this Court sitting en banc.  See United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc).

**AFFIRMED.**